**GOBEL, Plaintiff-Appellee, v MURRAY, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6888.   Decided March 1, 1948.

Gordon DeFossett, Cincinnati, for plaintiff-appellee.
Burke & Cooney, Cincinnati, for defendant-appellant.

## OPINION

By THE COURT:

The sole error assigned in this appeal on questions of law from a judgment for plaintiff, rendered by the Common Pleas Court on trial, without a jury, is that said judgment is manifestly against the weight of the evidence.

The facts are that plaintiff owned residential property at 1322 Carolina Avenue in Bond Hill. Her father owned a cafe and bowling alley business property fronting on California Avenue and contiguous to that of plaintiff in the rear. A three car garage was built, partly on each property, the property line running approximately through the center thereof.

Defendant, a real estate broker, procured a written offer for the father's real estate, conditioned on obtaining the land on which the garage was erected and including three feet additional to the south off the land of plaintiff, which offer was accepted by the father on January 12, 1946. On that day,

plaintiff entered into a written selling agency with defendant for the sale of her property for a price of $4800.00 net to her.

Defendant testified that on request, the plaintiff refused to sell that portion of the ground required to complete the sale of the father's real estate, fearing to reduce the value of her remaining property, so that on January 19, 1946, he agreed in writing to purchase the property of plaintiff himself for $4800.00 net to plaintiff, and paid as earnest money the sum of $100.00 thereon.

On January 31st, 1946, plaintiff executed a deed for that portion off the rear of her property necessary to consummate the sale of the father direct to his purchaser. On February 7th, 1946, plaintiff executed a deed for her own property direct to a buyer procured by defendant on January 28th, 1946, for the sum of $5900.00.

Plaintiff claims defendant induced her to sign the deeds without making full disclosure to her and that she was not present at the closing transactions and only learned of the resale price of her property some time later.

There is no evidence in the record that at the time plaintiff signed the so-called selling agency contract with defendant, employing him to sell her real estate for a price of $4800.00 net to her, which she later actually received, that there was any concealment of anything or coercion of any sort by the defendant. If at that time, defendant had a buyer located ready, willing, and able to pay a greater amount he would have been under a duty of disclosure and would not be permitted to take title himself and resell at a profit. But the record reveals a different set of facts. It is clear that plaintiff's refusal to sell the strip off the rear of her real estate necessary to complete the sale of the father's real estate caused defendant to contract with plaintiff to buy her real estate himself, thus enabling him to complete the deal for the father's property and secure the substantial commission involved to him. Plaintiff testified she signed the agreement to sell to defendant after consultation with her husband who signed as a witness and accepted the earnest money in the form of a check for $100.00 and this court fails to find anything in the record reflecting on the defendant in that transaction.

We do find in the record, pages five and six, where the plaintifffff contradicts herself and answers some questions with an evasive, failure to remember.

The resale buyer from defendant, a disinterested witness, testified without contradiction, that he never saw or met the defendant until Sunday, January 27th, when the sale was made.

The exhibits show that plaintiff executed the deed direct to complete the sale of the father's real estate, and later on that of her own property, and that she refused to accompany the defendant to the office where the closing of the deal took place. Also that defendant had all checks, totaling $5700.00 made payable to her, and she endorsd the sale and delivered one for $1200.00 back to the defendant, accepting his check for $100.00 to even up the account to her of a net $4800.00 for her real estate. Surely, opportunity for inquiry and objection at the time was present, rather than for concealment and non-disclosure.

We, therefore, conclude that the judgment of the court below is manifestly against the weight of the evidence and the judgment is reversed and the cause remanded for further proceedings according to law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.